IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00165-RPM-BNB

BANCO INTERCONTINENTAL, S.A.,

Plaintiff,

v.

LUIS ALVAREZ RENTA, BANKINVEST S.A.,
INTERDUTY FREE, LTD., and
WADEVILLE INVESTMENTS, LTD.,

Defendants.

_____

## ORDER

_____

This matter is before me on the **Motion to Quash Subpoena Duces Tecum Pursuant to**

**F.R.C.P. 45(c)** [Doc. # 1, filed 1/30/06] (the "Motion").  The Motion, which seeks an order

quashing a subpoena served in connection with a matter pending in another court, is DENIED.

Local rule of practice 7.1A, D.C.COLO.LCivR, requires that parties confer in good faith

prior to filing motions, as follows:

> The court will not consider any motion, other than a motion under
> Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a
> *pro se* party, before filing the motion, has conferred or made
> reasonable, good-faith efforts to confer with opposing counsel or a
> *pro se* party to resolve the disputed matter.  The moving party shall
> state in the motion, or in a certificate attached to the motion, the
> specific efforts to comply with this rule.

In this case, the efforts to confer were limited to the following:

> Goodman & Wallace has attempted to call Plaintiff's attorneys at
> Tew Cardenas, LLP in Miami to confer prior to the filing of this
> Motion, but when the telephone number provided by Plaintiff's

counsel was dialed, it was answered by an electronic tone assumed
to be a facsimile machine.

Motion, ¶1.  The Motion identifies in its certificate of service not only the law firm of Tew
Cardenas, LLP, but also the identity of the particular lawyer involved in the case--Matias Dorta,
Esq.

The efforts to confer reported here fall far short of what is required to satisfy the
requirements of Rule 7.1A.  See Hoelzel v. First Select Corp., 214 F.R.D. 634, 636 (D. Colo.
2003).  In this case, I would have expected *at a minimum* an effort by counsel to obtain the
telephone number of Mr. Dorta or the Tew Cardenas firm through Miami directory assistance,
through a Martindale Hubbel listing, or by searching for the law firm on the internet.  In less than
one minute, I was able to determine that Tew Cardenas, LLP, has an office at the Four Seasons
Tower on Brickell Avenue in Miami, Florida, with a telephone number of 305-536-1112.  I also
was able to obtain Mr. Dorta's resume and to determine that his direct dial telephone number is
305-539-2135.  The suggestion that counsel made a reasonable, good-faith effort to confer by
dialing a single telephone number and obtaining a facsimile tone, without any further effort to
locate a working number and speak to opposing counsel, is absurd.

One of the principal objections to the subpoena is that it requires the witness to travel
more than 100 miles to respond.  The Motion also complains that the subpoena failed to afford a
reasonable time for compliance and failed to include the payment of an attendance fee and
mileage.  These are all issues which can and should be resolved through a Rule 7.1A conference.

IT IS ORDERED that the Motion is DENIED for failure to comply with
D.C.COLO.LCivR 7.1A.

IT IS FURTHER ORDERED that the hearing on the Motion set for March 8, 2006, at 8:30 a.m., is VACATED.

Dated February 14, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge